## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

*United States v. Kelly Ann Buchek*
Case No. 3:19-cr-00066-TMB-MMS-2

By:          THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Kelly Ann Buchek's Motion for Early Termination of Supervision (the "Motion").[1] The United States did not file an Opposition.[2] The United States Probation Office ("USPO") filed a Response recommending the Court grant the Motion.[3] The matter is now ripe for resolution. For the reasons discussed below, the Motion is **GRANTED**.

On February 5, 2020, Buchek pleaded guilty to one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and § 846.[4] On September 22, 2020, Buchek was sentenced to 24 months of imprisonment, followed by five years of supervised release.[5] She commenced her first term of supervised release on June 8, 2021, but her release was revoked in November 2021 for heroin use and felon contact.[6] She released on bail to the Akeela Stepping Stones Program in February 2022.[7] On July 7, 2022, after admitting to heroin use, Buchek was sentenced to time-served (84 days) and placed on supervised release for a term of 48 months.[8] She was discharged from the Akeela Stepping Stones Program on February 21, 2023, for program noncompliance and was remanded into custody on February 23, 2023.[9] She released from custody on March 2, 2023, and thereafter engaged with the Providence Breakthrough Substance Use Treatment Program; the supervised release petition was subsequently dismissed.[10]

---

[1] Dkt. 391 (Motion for Early Termination of Probation/Supervised Release).
[2] *See* Dkt. (absence). "The failure to respond to a non-dispositive motion . . . may be deemed an admission that the motion is well taken." L. Civ. R. 7.1(h) ("The District of Alaska Local Civil Rules . . . also apply to criminal proceedings, to the extent not inconsistent with these rules." L. Crim. R. 1.1(b)).
[3] Dkt. 395 (Sealed USPO Response).
[4] Dkt. 85 (Minute Entry).
[5] Dkt. 216 (Judgment).
[6] Dkt. 276 (Petition for Warrant of Arrest).
[7] Dkt. 300 (Order).
[8] Dkt. 317 (Amended Judgment).
[9] Dkt. 322 (Petition for Warrant of Arrest).
[10] Dkt. 323 (Order); Dkt. 357 (Text Order Granting Motion to Dismiss); Dkt. 391 at 2–3.

Buchek now moves for early termination of her supervised release on the basis of her compliance with the conditions of probation, her continuing sobriety and employment, and her role as caretaker for family members with elevated medical needs.[11] Buchek argues that she has completed 18 months of her supervised release without violation, has been sober for "approximately two years," has completed substance misuse treatment, and currently works two jobs.[12] Though she was discharged from the Akeela Stepping Stones Program, the supervised release petition was withdrawn and did not result in a violation of her supervised release.[13] Further, she "completed major components of the program, to include MRT and relapse prevention," and completed treatment and made "tremendous strides" at Providence Breakthrough.[14] Buchek also is currently caring for her one-and-a-half-year-old daughter, who has "serious health issues" and has been diagnosed with a "rare disorder" that requires "almost constant medical treatment."[15] She maintains that it is very likely she will have to fly with her daughter out of state for extended periods of time so she can receive specialized medical treatment.[16] Buchek also cares for and lives with her father, who has experienced recent medical issues.[17] Buchek expresses a desire to one day relocate out of state, possibly to Oregon, so she can secure needed medical care for her daughter and to "make a fresh start . . . without constantly encountering people from her past."[18]

USPO supports early termination of Buchek's supervised release.[19] USPO reports that since her release from custody, Buchek has successfully completed outpatient substance abuse treatment, transitioned into a stable residence, secured extended employment, and maintained her sobriety.[20] It also observes she has satisfied her Special Assessment and has maintained proactive communication with USPO.[21] USPO further notes that Buchek currently serves as the primary caregiver and provider for her young daughter, who was born during Buchek's period of supervision and who has specialized medical needs.[22] Although Buchek was discharged from the Stepping Stones Program for an alleged violation that occurred 11 months and 16 days prior to USPO's report, and she was therefore a few days shy of completing 12 months free of violations, USPO notes this petition was dismissed and that this does not affect its recommendation to grant her Motion.[23]

---

[11] Dkt. 391 at 1–2.
[12] *Id.* at 1.
[13] *Id.* at 1 n.1, 4.
[14] *Id.* at 3.
[15] *Id.* at 5.
[16] *Id.*
[17] *Id.*
[18] *Id.* at 1, 5.
[19] Dkt. 395.
[20] *Id.* at 2.
[21] *Id.*
[22] *Id.*
[23] *Id.*

The Court must consider certain factors set forth in 18 U.S.C. § 3553(a) before terminating a defendant's supervised release.[24] Those factors include "the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines."[25] Additionally, the Court must follow Federal Rule of Criminal Procedure 32.1 and consider whether "it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice."[26] "Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term of condition of release either too harsh or inappropriately tailored to serve the general punishment goals of [§] 3553(a)."[27]

Having reviewed the briefing in this matter, the Court concludes that early termination of Buchek's supervised release is warranted. Given Buchek's compliance with the conditions of her release, including maintaining sobriety, employment, and stable housing and completing substance abuse treatment, and in light of her young daughter's elevated health concerns as well as the medical needs of her father, the Court determines that early termination of her supervised release is appropriate.

Accordingly, the Court **GRANTS** the Motion at Docket 391. FURTHER, it is hereby **ORDERED** that Buchek's term of supervised release is terminated effective the date of this Order.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: February 14, 2024.

---

[24] 18 U.S.C. § 3583(e)(1) (citing § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).
[25] *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002).
[26] 18 U.S.C. § 3583(e)(1).
[27] *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *see also United States v. Miller*, 205 F.3d 1098, 1100–01 (9th Cir. 2000) (quoting *Lussier* "in keeping with the penological objectives and policies of § 3553(a).").